**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CATHRYN BOURDGANIS,

       Plaintiff,         CIVIL ACTION NO. 08-CV-11282

vs.

                             DISTRICT JUDGE PATRICK J. DUGGAN

NORTHERN TRUST BANK,      MAGISTRATE JUDGE MONA K. MAJZOUB

       Defendant.
_____/

**<u>OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS (DOCKET NO. 11) AND
DEFENDANT'S MOTION TO COMPEL DISCOVERY (DOCKET NO. 15)</u>**

This matter comes before the Court on two motions. The first motion is Plaintiff Cathryn Bourdganis' Motion to Compel Discovery And For Sanctions filed on September 3, 2008. (Docket no. 11). Defendant filed a Response To Plaintiff's Motion To Compel Discovery on September 12, 2008. (Docket no. 14). The second motion is Defendant The Northern Trust Company's Motion To Compel Discovery Against Plaintiff filed on September 12, 2008. (Docket no. 15). Plaintiff filed a Response To Defendant's Motion To Compel Discovery on September 29, 2008. (Docket no. 19). These matters have been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket nos. 12, 16). The parties appeared for hearing on October 15, 2008. These matters are now ready for ruling.

**I.    Background**

Plaintiff originally brought this action in Wayne County Circuit Court in February 2008, claiming negligence, breach of fiduciary duty and violation of the Uniform Commercial Code. (Docket no. 1). Plaintiff alleges that Defendant failed to properly handle a certified check in the

amount of $292,228.24 CND, which resulted in losing the check. (Docket no. 1). Defendant removed the case based on diversity jurisdiction. 28 U.S.C. § 1332.

## II.     Standard of Law

Fed. R. Civ. P. 37(a)(3)(B) allows this Court to compel discovery if a party fails to answer an interrogatory submitted under Rule 33 or properly respond to a request submitted under Rule 34.

## III.    Analysis

### A.     Plaintiff's Motion to Compel Depositions (Docket no. 11)

Plaintiff moves the Court to compel depositions of Defendant's representatives and asks for costs and attorneys fees for filing this motion. (Docket no. 11). Plaintiff requested deposition dates for Defendant's representatives via letter dated June 20, 2008. (Docket no. 3). Plaintiff alleges that Defendant did not provide deposition dates. On August 15, 2008 Plaintiff served Notices of Deposition for Defendant's Records Custodian and/or Corporate Representative and the representative responsible for check depository to be held August 25, 2008 and Notices of Deposition for Frances Wawrzyniak and Shana Monique Simms to be held on August 26, 2008 at Defendant's counsel's office in Detroit. (Docket no. 11-4). Further correspondence ensued and as of the September 3, 2008 filing date of Plaintiff's motion, Plaintiff did not have deposition dates from Defendant's counsel. (Docket no. 11 ¶ 8, 11-5). Defendant argues that the depositions should be held in Illinois because the deponents are based there. By the time of the hearing the parties reached agreement on the depositions and the Court will order the depositions to proceed in accordance with the parties' agreement as set forth in detail below.

### B.     Defendant's Motion to Compel Discovery (Docket no. 15)

Defendant served discovery requests on Plaintiff on May 23, 2008 and Plaintiff responded to the discovery requests on June 20, 2008. (Docket no. 19 ¶ 4). Defendant alleges that some of Plaintiff's answers and responses are evasive, non-responsive and/or incomplete. (Docket no. 15). At the time of the hearing, the unresolved discovery issues in Defendant's Motion were Plaintiff's answers and responses to Interrogatory Nos. 4 and 12 and Request for Production No. 5[1]. (Docket no. 21). The Joint Statement of Unresolved Issues and Defendant's Motion to Compel refer to Interrogatory Nos. 4 and 12, however, they recite the substance of Interrogatory Nos. 3 and 11, respectively, and there is no Interrogatory No. 12. It appears that Defendant is challenging Plaintiff's answers to Interrogatory Nos. 3 and 11, not Nos. 4 and 12. (Docket no. 15, 15-7, 21).

**Defendant's Interrogatory No. 3:** Please state all facts that support your allegation, set forth in paragraph 8 of the complaint, that Plaintiff is a "beneficiary" of the "account identified as the Daniel Keith Bourdganis Revocable Living Trust." Please also identify all persons with knowledge of those facts, and all documents relating in any way to those facts. (Docket no. 15-7).

Plaintiff answered that "Cathryn Bourdganis is identified as a beneficiary of record on the Ford Money Market Account. She is also named as the successor trustee on the account." Defendant argues that the answer is incomplete because her "name does not appear on any account records in Northern Trust's possession, nor in any records produced by Plaintiff, except that she appears as the 'Successor Trustee,' on page 18 of the Trust Agreement."

---

[1] Defendant also asked the Court to order the parties to participate in a settlement conference. Defendant alleges that it submitted a proposed settlement agreement to Plaintiff and Plaintiff has not responded. Defendant asked the Court to order the parties to participate in settlement. (Docket no. 15, 21). The Court explored the issue of a settlement conference with the parties' attorneys and Plaintiff's counsel agreed to discuss the possibility of a settlement conference with his client and respond to Defendant's proposed settlement agreement. The Court declines to order the parties to participate in a settlement conference at this time.

Plaintiff's answer responds to only a portion of Interrogatory No. 3. Defendant asks Plaintiff to identify all documents relating to the facts at issue and each and every person with knowledge of these facts. Plaintiff has done neither. The Court will order Plaintiff to file an amended answer to Interrogatory No. 3. To the extent that Plaintiff cannot identify individuals or documents asked for in Interrogatory No. 3, Plaintiff will so state in her amended answer.

**Defendant's Interrogatory No. 11:** With respect to your answers to Northern Trust's first set of requests for admission to Plaintiff, for each request which is not admitted in full and without qualification, please state all facts that support your answer, identify all persons with knowledge of those facts, and all documents relating in any way to those facts.

Plaintiff's answer states: See Answer to Interrogatory No. 1. (Docket no. 15-8). Answer to Interrogatory No. 1 is a list of persons with knowledge of the matters alleged in Plaintiff's Complaint. Plaintiff did not object to Interrogatory No. 11. Defendant argues that Plaintiff's Answer to Interrogatory No. [11] is non-responsive to Plaintiff's denial of Requests for Admission Nos. 2, 3, 6, 7 and 8. (Docket no. 21). Plaintiff's reference to Interrogatory No. 1 is nonresponsive to Interrogatory No. 11 and does not answer Interrogatory No. 11 separately and fully in writing as required under Fed. R. Civ. P. 33(b)(3). The Court will order Plaintiff to answer Interrogatory No. 11 separately and fully as to the denied Requests for Admission Nos. 2, 3, 6, 7 and 8[2].

**Request for Production No. 5:** Produce all documents relating in any way to the Account, including but not limited to communications, documents relating to the establishment and maintenance of the Account, statements for the Account, and all other related documents. (Docket

---

[2] Defendant's Interrogatory No. 11 appears to contain 12 discrete subparts, one each for each of the 12 requests for admission. Therefore, Defendant's total Interrogatories number 23 and do not exceed the 25 Interrogatories allowed under Fed. R. Civ. P. 33(1)(a).

no. 15-7).

Plaintiff responded that "[i]t is believed that Defendant would have a copy of this information in its possession." (Docket no. 15-8). Plaintiff did not otherwise object to Request for Production No. 5. Defendant argues that Plaintiff failed to provide any documents in response to this request. Defendant also argues that Defendant's file contains only pages 1, 2, 17 and 18 of the Trust Agreement and that Plaintiff has not produced the full Trust Agreement. Plaintiff stated in its Response Brief that it has already provided a complete copy of the Bourdganis Trust Agreement. (Docket no. 19).

Under Fed. R. Civ. P. 34, any party may serve on any other party a request to produce documents which are "in the responding party's possession, custody or control." Fed. R. Civ. P. 34(a)(1). "The word 'control' is to be broadly construed. A party controls documents that it has the right, authority, or ability to obtain upon demand." *Scott v. AREX, Inc.*, 124 F.R.D. 39, 41 (D. Conn. 1989). Plaintiff cannot evade production by stating that Defendant already has the documents. At the hearing, Defendant's counsel agreed to further limit Request for Production No. 5 to documents specific to the check at issue and the establishment of the Account. The Court will order Plaintiff to produce all responsive documents to Request for Production No. 5 relating to the check at issue and the establishment of the Account.

C.  **The Parties' Request To Extend Scheduling Order**

Both parties ask the Court to extend the discovery deadline. Defendant initially asked that the deadline be extended to November 12, 2008 and that it be allowed to make its deponents available until that date, thus giving it time to determine the status of a related Canadian action and the propriety of a stay, as well as allowing the parties to attempt to settle the matter. (Docket no.

15 at pg. 18 of 19). The pretrial conference is currently scheduled for November 12, 2008. (Docket no. 8). Plaintiff argued that allowing Defendant's discovery to continue until the pretrial conference would prejudice her because she intends to give the information obtained at the depositions to an expert for review. Defendant also asked for an extension of the deadline to file dispositive motions, which were due September 15, 2008. (Docket no. 8). At the hearing, both parties asked the Court to extend the discovery deadline by sixty days and extend the dispositive motion deadline accordingly. The undersigned declines to extend the discovery deadline to interfere with the District Court's Order Establishing Trial Docket for November or December 2008. (Docket no. 20). The Court was advised that the parties will file a stipulated order with the District Court Judge to extend the deadlines and the trial date. In the meantime, the Court will extend the discovery deadline to October 31, 2008 and the dispositive motion deadline to November 7, 2008 for good cause shown.

**D.    The Parties Requests for Sanctions, Attorneys Fees and Costs**

Both parties ask the Court to award costs and attorneys fees in these matters. Fed. R. Civ. P. 37(a)(4). The circumstances of these motions would make the award of costs, fees or sanctions unjust at this time. The Court will decline to award attorneys fees and costs at this time.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Discovery and For Sanctions (docket no. 11) is GRANTED in part and the depositions of Frances Wawrzyniak, Shana Monique Simms, a Fed. R. Civ. P. 30(b)(6) deponent and the corporate representative responsible for check depository will proceed on October 28, 2008, continuing to October 29, 2008 if necessary, at Defendant's Chicago office on LaSalle Street.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel Discovery Against

Plaintiff (docket no. 15) is granted in part and Plaintiff will serve amended answers and responses to Interrogatory Nos. 3 and 11 and Request for Production No. 5 as set forth above on or before October 27, 2008. To the extent that Plaintiff's Amended Answers to Interrogatory Nos. 3 and 11 require Plaintiff to amend or supplement a corresponding Request for Production, Plaintiff will do so. Fed. R. Civ. P. 26(e).

**IT IS FURTHER ORDERED** that the parties' requests to extend the scheduling order deadlines are GRANTED in part. The discovery deadline is extended to October 31, 2008 and the dispositive motion deadline is extended to November 7, 2008.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Discovery and For Sanctions (docket no. 11) and Defendant's Motion to Compel Discovery Against Plaintiff (docket no. 15) are DENIED in part as to their requests for attorneys fees, costs and/or sanctions.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: October 16, 2008            s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: October 16, 2008            s/ Lisa C. Bartlett
                                   Courtroom Deputy